RICHARD PAUL SWONDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swonder v. Commissioner
Docket No. 25403-91
United States Tax Court
T.C. Memo 1994-430; 1994 Tax Ct. Memo LEXIS 438; 68 T.C.M. (CCH) 579; August 24, 1994, Filed *438 Decision will be entered under Rule 155. For petitioner: F. Pen Cosby. For respondent: Diane L. Worland. DAWSON, PAJAK
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. All section numbers refer to the Internal Revenue Code for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
1987
$ 9,399
$ 1,352.50
$ 469.95
1988
5,351
806.50
--  Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(1)
6653(a)(1)(B)
6654(a)
1987
--  [1]
--  1988
$ 267.55
--
$ 191
After concessions by the parties, the Court must decide: (1) Whether for the years 1987 and 1988 petitioner *439 failed to report income in the amounts of $ 40,481 and $ 30,133, respectively; (2) whether petitioner's correct filing status for 1987 is "married filing separate"; (3) whether petitioner is entitled to dependency exemptions for 1987 and 1988; (4) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file his 1987 and 1988 Federal income tax returns; (5) whether petitioner is liable for additions to tax under section 6653(a) for negligence for 1987 and 1988; and (6) whether petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated tax payments for 1988. For clarity and convenience we have combined our findings of fact and opinion with respect to the issues presented for decision. Some of the facts in the case have been stipulated and are so found. Petitioner resided in Beech Grove, Indiana, at the time he filed his petition. Petitioner married Nancy E. Swonder on or about May 20, 1977. In 1979, petitioner and Nancy Swonder had a daughter, Emily Rose Swonder. In 1982, petitioner and Nancy Swonder were divorced. The Separation and Property Settlement Agreement required petitioner to pay $ 50 per *440 week to Nancy Swonder for child support while the child is in her custody. It also provided that petitioner "shall claim Emily as an exemption on his state and federal income tax returns". On October 22, 1982, petitioner married Kathy Diane Green Swonder. At the time of the marriage, Kathy Swonder had a daughter named Kelli Green. In 1985, petitioner and Kathy Swonder had a daughter, Nina Nicole Swonder. Kathy Swonder, Kelli, and Nina lived with petitioner throughout 1987. Petitioner and Kathy Swonder separated in January or February 1988. At that time, Kelli and Nina began to live with Kathy Swonder in a separate residence. In a notice of deficiency issued on August 2, 1991, respondent determined that for 1987 petitioner failed to report income of $ 38,675 and unemployment compensation income of $ 1,806. In another notice of deficiency issued on August 2, 1991, respondent determined that for 1988 petitioner failed to report income of $ 30,133. 1. Unreported Income
The first issue is whether petitioner failed to report income in both years at issue as determined by respondent. On May 7, 1991, respondent prepared a "substitute for return" for petitioner for 1987 *441 and 1988. On a 1987 Form 1040 Federal income tax return signed by petitioner and Kathy D. Swonder, received by respondent on August 27, 1991, the taxpayers reported $ 38,675 as Form W-2 income and $ 1,806 as unemployment compensation income. On a 1988 Form 1040 Federal income tax return signed by petitioner and Kathy D. Swonder, received by respondent on August 26, 1991, the taxpayers reported $ 29,393 as Form W-2 income and $ 740 of other income for total income of $ 30,133. An Internal Revenue Service form attached to the 1988 return showed wage income of $ 666 from Bluegrass Chevrolet-Oldsmobile, Inc., wage income of $ 28,727 from Future Ford, Inc., and other income of $ 740 from Ford Motor Co., for total income of $ 30,133. A Form W-2 from Future Ford, Inc., reflects $ 28,727.44 in Form W-2 wages. Petitioner admitted at trial that he worked for Bluegrass and Future Ford during 1988. Petitioner also explained that he sold trucks and that Ford Motor Co., had an incentive plan which paid him a $ 15 award for each pickup truck sold. Based on the evidence in the record and petitioner's admissions at trial, we sustain respondent's determination of unreported income for 1987 and *442 1988 in the amounts of $ 40,481 and $ 30,133, respectively. 2. Filing Status
Next, we must decide whether petitioner's correct filing status for 1987 is "married filing separate". Petitioner and Kathy Swonder signed a 1987 Federal income tax return in January 1988, which purported to be a joint return. That return did not include $ 1,096.50 of income which Kathy Swonder earned in 1987. When Kathy Swonder received a Form W-2 reflecting that income, she signed a Form 1040EZ for 1987 on April 15, 1988. Kathy Swonder filed the Form 1040EZ as a single person, despite the fact that she was still married to and lived with petitioner on December 31, 1987. On the Form 1040EZ, Kathy Swonder checked the box which indicated that she could not be claimed as a dependent on another person's return. She claimed a refund of $ 105, which she received from the Internal Revenue Service on August 29, 1988. She admitted that she never told petitioner about the refund or about the Form 1040EZ for 1987. There are a number of reasons why petitioner cannot file a joint return for 1987. Under section 6013(b)(1), a husband and wife, where one has filed a separate return, may subsequently elect *443 to file a joint return under certain conditions. Under section 6013(b)(2)(C), such election cannot be made "After there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213". Here the notices of deficiency were issued on August 2, 1991. Petitioner timely filed his petition with the Tax Court. The only 1987 joint Federal income tax return received by respondent was the one received on August 27, 1991. On these facts, the statute precludes a joint return. As we said in Currie v. Commissioner, T.C. Memo. 1986-71, "a married taxpayer who has not filed a joint return before a notice of deficiency was issued to that taxpayer cannot elect to file a joint return if that taxpayer timely petitions the Tax Court." (citing Jacobson v. Commissioner, 73 T.C. 610, 614 (1979)). Moreover, petitioner has failed to show that the tax owed on the 1987 joint return was paid in full by the time of filing as required by section 6013(b)(2)(A). Further, as respondent pointed *444 out, the 1987 joint return was not filed within 3 years from the return due date as required by section 6013(b)(2)(B). Accordingly, we hold that petitioner's filing status for 1987 is "married filing separate". 3. Dependency Exemptions
Petitioner claimed dependency exemptions in 1987 and 1988 for Emily, Kelli, and Nina. Respondent conceded on brief that petitioner was entitled to claim dependency exemptions for Nina and Kelli for 1987. As a general rule, a parent may claim an exemption for a child or stepchild for whom the parent has provided more than half of the support. Secs. 151 and 152. Section 151(e) provides for the allocation of the exemption for a child between the child's divorced parents. Section 152(e)(4) provides a special rule that applies to parents who divorced or executed a separate maintenance or written agreement prior to 1985. Pursuant to that section, the noncustodial parent who has the right to claim a child as a dependent by virtue of a divorce decree or written agreement and who provides a minimum of $ 600 in annual support for the child is treated as providing over half of that child's support for the purpose of claiming the child as a dependent. *445 Petitioner and Nancy E. Swonder entered into a Separation and Property Settlement Agreement on October 18, 1982, which was incorporated in the divorce decree. The Agreement provided that petitioner was entitled to the exemption for Emily for Federal and State income tax purposes. But petitioner failed to present evidence to prove that he paid at least $ 600 for the support of Emily in either 1987 or 1988. Accordingly, we hold that petitioner may not claim Emily as a dependent for the tax years in issue. Section 152(e)(1) provides, generally, with respect to a child of divorced parents that the custodial parent who has custody for a greater portion of the year is entitled to the exemption. Section 152(e)(2) provides an exception where the custodial parent signs a written release to the exemption and the noncustodial parent attaches the written declaration to his or her tax return for the taxable year. Petitioner was not the custodial parent of Nina or Kelli because he did not have custody of either of them for more than 2 months in 1988. Petitioner, as the noncustodial parent, did not attach a written declaration when he filed the return for 1988, as required by section 152(e)(2). *446 Accordingly, we hold that petitioner is not entitled to a dependency exemption for Nina or Kelli for 1988. Petitioner also claimed an exemption for Kathy Swonder for 1987. Respondent has no record of a filed joint return for 1987 for petitioner and his wife before the notice of deficiency was issued. Kathy Swonder timely filed a Form 1040EZ for 1987 on which she claimed a personal exemption for herself, indicated that she could not be claimed as a dependent of another, and reported gross income. For these reasons, petitioner is not entitled to a dependency exemption for Kathy Swonder in computing his tax liability, which must be calculated on the basis of a filing status of "married filing separate". Sec. 151(b). 4. Section 6651(a)(1) Additions to Tax
The next issue we must decide is whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 1987 and 1988 Federal income tax returns. Calendar year individual taxpayers must file a Federal income tax return by April 15 following the close of the calendar year. Sec. 6072(a). Section 6651(a)(1) provides for an addition to tax for failure to file a Federal income tax return *447 by its due date, determined with regard to any extension of time to file, unless such failure was due to reasonable cause and not willful neglect. Petitioner bears the burden to show the returns were filed timely or that the delinquency was due to reasonable cause. Fischer v. Commissioner, 50 T.C. 164, 177 (1968). Petitioner claimed that he filed a return for 1987 in early 1988. Respondent did not have any record of a return filed by petitioner for 1987 until August 27, 1991. Petitioner also admitted that neither he nor Nancy Swonder, his first wife, who by court order was entitled to receive the tax refund check, received a refund. The record shows that a 1987 Federal income tax return was prepared and signed by petitioner and Kathy Swonder in early 1988, but petitioner failed to prove that the return was timely mailed. Thus, we hold that petitioner did not timely file a Federal income tax return for 1987. See Gill v. Commissioner, T.C. Memo. 1975-3. We sustain respondent's determination of the addition to tax under section 6651(a)(1) for 1987. Petitioner admitted that he did not timely file a Federal income *448 tax return for 1988. He testified that he worked for an automobile dealership in 1988 that filed for bankruptcy protection several months after his employment terminated. Petitioner did not receive a Form W-2 from that company. As stated above, on August 2, 1991, respondent sent petitioner a statutory notice of deficiency for 1988. On August 26, 1991, petitioner filed his 1988 Federal income tax return. Unavailability of records is generally not reasonable cause for failure to file a timely return. Hines v. Commissioner, T.C. Memo. 1982-589. The record contains no evidence that petitioner made any attempt to obtain an extension of time to file his 1988 Federal income tax return. Moreover, petitioner did not demonstrate any good cause for his failure to file his 1988 Federal income tax return, which was filed more than 28 months after its due date. Accordingly, respondent's determination of the addition to tax under section 6651(a)(1) for 1988 is sustained. 5. Section 6653(a) Additions to Tax
Section 6653(a)(1)(A) and section 6653(a)(1) provide for an addition to tax if any part of the underpayment is due to negligence or intentional *449 disregard of rules or regulations for 1987 and 1988, respectively. Section 6653(a)(1)(B) provides for a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations for 1987. Petitioner has failed to carry the burden to prove that any underpayment of tax was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). When a Federal income tax return is not filed and there is no reasonable justification for the failure to file, the section 6653(a)(1) addition applies to the full amount of the underpayment. Emmons v. Commissioner, 92 T.C. 342, 347-350 (1989), affd. 898 F.2d 50 (5th Cir. 1990). We hold that petitioner is liable for these additions to tax. 6. Section 6654(a) Addition to Tax
Section 6654(a) imposes an addition to tax for any underpayment of estimated tax by an individual. Where prepayments of tax, either through withholding or by making estimated quarterly payments during the course of the year, do not equal the percentage *450 of total liability required under the statute, imposition of the addition to tax is generally mandatory, unless petitioner shows that one of the several statutory exemptions applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). This section has no exception for reasonable cause and lack of willful neglect. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Petitioner did not demonstrate that any of the statutory exemptions applied. Therefore, we sustain respondent's determination as to the section 6654(a) addition to tax for 1988. To reflect the foregoing and concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the underpayment attributable to negligence.↩